UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM RENJOIR,

              Plaintiff,

   v.

CITY OF SEATTLE, et al.,

              Defendants.

Case No. C13-1203-JCC

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff William Renjoir, proceeding *pro se*, has filed an application for leave to proceed *in forma pauperis* ("IFP"), Dkt. 1, along with a proposed civil complaint to this Court for review. Dkt. 1-1. After careful consideration of plaintiff's proposed complaint, plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED with prejudice for failure to state a claim upon which relief may be granted, and his IFP application, Dkt. 1, be DENIED at moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## II. BACKGROUND

Plaintiff's proposed complaint, filed on July 10, 2013, involves emergency shelter

REPORT AND RECOMMENDATION - 1

facilities in Seattle and other cities in the State of Washington.  Dkt. 1-1.  Plaintiff asserts that these "housing accommodations and emergency fall out shelters incase catastrophic scenarios occur have needed maintenance and updating for quite some time." *Id.*  Plaintiff is asking the Court for "immediate assistance to remedy the problematic 'fall out shelter' scenario." *Id.*

As a threshold matter, the Court notes that Mr. Renjoir has previously filed several complaints in this district.  The undersigned recommended the earliest filing, Case No. 13-1043-MJP, be dismissed on the grounds that it was frivolous on June 19, 2013.  *See Renjoir v. The White House,* Case No. 13-1043-MJP; *Renjoir v. Jane Goodall Institute,* Case No. 13-1201-RSL; *Renjoir v. Office of the United Nations High Comm. For Refugees,* Case No. 13-1202-JCC; *Renjoir v. State of Texas,* Case No. 13-1204-RSL.

### III.   DISCUSSION

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. ("FRCP") 8(a)(2).  This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Under 28 U.S.C. § 1915(e), the district court must dismiss a case "at any time" it determines a complaint is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).  Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

1      Here, plaintiff's proposed complaint fails to allege sufficient facts to place the defendants
2 on notice of the nature of plaintiff's claims, or otherwise provide any basis for jurisdiction in this
3 Court. *See* FRCP 8(a). Specifically, plaintiff has failed to state a federal claim, because he has
4 not supplied facts necessary to show that the cities of Seattle, Tacoma, and Longview have
5 violated one of his federal constitutional rights by allegedly not maintaining their "emergency
6 shelter facilities." *See* Dkt. 1-1. Additionally, plaintiff has failed to provide sufficient facts or
7 details to state a cognizable legal claim against the defendants. Thus, his proposed complaint
8 appears frivolous. *See Id*.

9      The Court must give a *pro se* plaintiff notice of a complaint's defects and leave to amend,
10 unless it is absolutely clear that amendment could not cure the defects. *Lucas v. Dep't of*
11 *Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Here, plaintiff would have to
12 abandon his claim, and allege an entirely new cause of action in order to proceed with this case.
13 As a result, the undersigned recommends against granting plaintiff leave to amend because it is
14 clear that he cannot cure his pleading defects.

## IV.   CONCLUSION

16      For the foregoing reasons, the Court recommends that plaintiff's proposed complaint,
17 Dkt. 1-1, be DISMISSED with prejudice, and that his IFP application, Dkt. 1, be DENIED as
18 moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). A proposed order accompanies this
19 Report and Recommendation.

      DATED this 23rd day of July, 2013.

                              *James P. Donohue*
                              _____
                              JAMES P. DONOHUE
                              United States Magistrate Judge

REPORT AND RECOMMENDATION - 3